IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Hobart P. Drake, #308080,<br><br>                     Plaintiff,<br><br>    vs.<br><br>Michael Laurence; Gwendolyn Smalls;<br>Lt. McGee; and Corp. Amadon, each<br>being sued in their individual capacity,<br><br>                     Defendants. | Civil Action No. 6:09-3105-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion to dismiss or, in the alternative, for summary judgment (doc. 30). The plaintiff, who is a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On March 15, 2010, the defendants filed a motion to dismiss or, in the alternative, for summary judgment. By order filed March 16, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on May 6, 2010.

## **FACTS PRESENTED**

The plaintiff is currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina, serving a 40-year murder sentence. He alleges that on March 12, 2008, while he was incarcerated within Lieber Correctional Institution ("Lieber") in Ridgeville, South Carolina, the defendant officers violated his rights after his "legal box" went missing following a search of his cell. According to the plaintiff, his cell was searched because he had paper hanging in the back window of his cell (pl. comp. 3). He alleges the box was removed during the search, along with other items; however, the box was the only item not returned. The defendants attest in their affidavits that they have no knowledge of the whereabouts of the plaintiff's legal box and that they acted in good faith in discharging their duties as officers at Lieber (Lawrence, Smalls, McGhee, and Amidon affs.). According to the plaintiff, the officers told him they would look for the missing materials in the days after the search (pl. comp. 3-4). The plaintiff alleges that the defendants violated his right to due process and his right of access to the court.

## **APPLICABLE LAW AND ANALYSIS**

If, on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), matters outside the pleading are presented to and not excluded by the court, as here, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(d). Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is

2

entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The right of access to the courts is protected by the Due Process and Equal Protection Clauses. *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6 (1989). In *Bounds v. Smith*,

430 U.S. 817 (1977), the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id*. at 828. In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id*. at 352-53. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

"[A]n inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions." *Cyrus v. U.S. Marshals of Columbia, SC*, C.A. No. 8:05-1384-HFF-BHH, 2007 WL 601610, *4 (D.S.C. 2007). He must establish a specific prejudice stemming from the denial of the item. *Id*. The plaintiff states in his response in opposition to the motion for summary judgment that, in the direct appeal of his conviction, he

> ... was instructed by the Court he could file a Petition for rehearing *pro se* on the issues him and his counsel presented in their *Anders* and *pro se* briefs. The plaintiff had no copies of any of the documents presented to the Court of Appeals therefore he could not bring an argument with a Petition for rehearing.

(Pl. resp. m.s.j. 2, ex. B). As pointed out by the defendants, the plaintiff's direct appeal was dismissed by the South Carolina Court of Appeals in September 2008 "[a]fter a thorough review of the record, counsel's brief, and Drake's *pro se* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991)" (*see* def. m.s.j. 10 n. 1). Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 352-53. Here, the plaintiff makes only a conclusory allegation that he

4

"could not bring an argument with a Petition for rehearing." He has identified no nonfrivolous claim that he wished to present but which was impeded by the loss of his legal box. Further, according to the defendants, the plaintiff was not denied access to the library or other means by which to obtain copies of his materials or update his research. In *Cyrus*, a case factually similar to the case at bar, the plaintiff inmate alleged his legal documents were taken from his cell illegally, which impeded his two cases already filed in court. Ruling in favor of the defendants' motion for summary judgment, the court found that, even though the plaintiff identified the specific actions he believed were hindered by the loss of his legal materials, he failed to explain how the loss affected his case in either matter. *Cyrus*, 2007 WL 601610, *4 n.7.

Also in and around the pertinent time period, the plaintiff filed a PCR action on September 26, 2008, in the Court of Common Pleas Sumter County in which he was represented by counsel, *Drake v. South Carolina*, 2008-CP-43-02204. To the extent the plaintiff claims he was denied access to the courts in regards to this PCR action, the claim fails. As discussed in *Cyrus*, "representation by counsel negates a prisoner's claim of inadequate access to the courts." *Id.* at *4 (citing *Hause v. Vaught*, 993 F.2d 1079 (4th Cir. 1993)). Based upon the foregoing, summary judgment should be granted on the plaintiff's claim for denial of access to the courts.

The plaintiff also alleges his rights under the Due Process Clause of the Fourteenth Amendment were violated. The Due Process Clause protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir.1974)). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *Hudson v. Palmer*, 468 U.S. 517, 532 n. 13 (1984)), "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause

5

of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson,* 468 U.S. at 533; *see also Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss). The plaintiff has not alleged or shown that the failure to return his legal box was authorized by either prison policy or any higher ranking supervisory officials. "[I]n South Carolina, prisoners may bring a civil action in state court for recovery of personal property against prison officials who deprived them of property without state authorization." *Drake v. Brown*, C.A. No. 6:09-1449-JFA-WMC, 2009 WL 1749375, *2 (D.S.C. 2009) (citing *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir.1986)). Accordingly, the plaintiff had an adequate post deprivation remedy available to him, and thus this claim also fails.[1]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 30) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

September 30, 2010

Greenville, South Carolina

---

[1] The plaintiff states in response in opposition to the motion for summary judgment that he has not alleged any state law claims (pl. resp. m.s.j. 6). Accordingly, the defendants' argument regarding the South Carolina Tort Claims Act will not be addressed. Furthermore, as this court finds the plaintiff's claims fail on the merits, the defendants' argument regarding exhaustion of remedies will not be addressed.

6